UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON HOOD,

                Plaintiff,                        Civil No. 05-10254

v.                                            Hon. David M. Lawson
                                            Magistrate Judge Charles E. Binder

MICHAEL KRAJNIK and
JOHN DOE 1-2,

                Defendants.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, OVERRULING OBJECTIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, DENYING OTHER MOTIONS, AND DISMISSING ACTION

Plaintiff Jason Hood, presently in custody at Michigan's Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* complaint on July 25, 2005 under 42 U.S.C. § 1983 claiming that the defendants violated his constitutional rights in April 2004 while he was confined at the Standish Maximum Correctional Facility (SMF).  Hood claims that he was denied medical care in violation of the Eighth Amendment's ban on cruel and unusual punishment, and he was treated with excessive force by prison guards who escorted him to a segregation unit when his complaint about his health care need was not addressed immediately.  The defendants filed a motion for summary judgment, which was addressed by Magistrate Judge Charles E. Binder pursuant to an order of reference for general case management under 28 U.S.C. § 636(b).  On December 27, 2006, the magistrate judge filed a report recommending that the motion be granted and the case dismissed.

The magistrate judge observed that the plaintiff eventually was given medical treatment for knee pain about which he complained, so he analyzed the case – appropriately – as one for medical treatment unreasonably delayed.  He suggested that the plaintiff failed to come forward with

evidence that created a fact issue on the detrimental effect of the delay.  As to the excessive force

claim, Magistrate Judge Binder found that there was no evidence of injury to other extremities about

which the plaintiff claimed, namely his wrist, finger, arm, and elbow, so he concluded that the

officers used only that force necessary to escort the plaintiff to segregation.  The plaintiff filed

timely objections to the recommendation, and the matter is now before the Court for *de novo* review.

I.

The facts are well-summarized by the magistrate judge in his report and recommendation

(R&R).  Neither party objects to the factual recitation, and the Court adopts it here.

II.

In the objection to the magistrate judge's R&R, the plaintiff sets forth his version of the facts

and each alleged injury, in great detail.  The newly pled facts, however, are consistent with and do

not materially alter the allegations made by the plaintiff in his original complaint.

The plaintiff reasserts that he has suffered serious injuries to his right knee based on the

denial of health care by Krajnik; he also claims serious injuries to his wrists, hands, fingers, arms,

shoulders, and elbows based on the mishandling by defendants John Doe # 1 and John Doe # 2.  The

plaintiff also states in his objection that the reason he did not complain of the wrist, arm, elbow, and

finger pain at the time of the injury, or even when he was seen at the hospital later that day, is that

he was afraid of being injured even more by these officers.

The plaintiff specifically objects to the magistrate judge's R & R as follows:

The Magistrate judge erred when he:

(A)     stated that the plaintiff claim is for a delay to healthcare.  The plaintiff object
        because his pleading is for a denial of access to healthcare.

(B)     assumed that force or minimum force was needed to escort the plaintiff to
        segregation.  The plaintiff object because he was fully cooperating and did
        not do or say anything wrong to those two defendants.
(C)     assumed that the plaintiff wrists injuries are minimum.  The plaintiff object
        because his wrist injuries are severe and great.
(D)     when he assumed that the plaintiff right knee and leg injury was not serious
        enough to require immediate medical attention.  The plaintiff object because
        he was experiencing severe pain and numbness and swelling in his right knee
        and leg, it had locked up on him and he were unable to walk or stand on it.
(E)     stated that the plaintiff failed to present a sufficient disagreement to require
        submitting the Eighth Amendment claim to a jury.  The plaintiff object
        because his complaint is in total disagreement with the defendants in this
        case.
(F)     stated that the plaintiff failed to establish a genuine issue of material of fact
        as to the object and subject factors.  The plaintiff object because the unjust
        deprivation to healthcare and the unjust excessive force was very serious and
        they all acted with a culpable state of mind under the color of state law.

Pl.'s Obj. to R & R at 10 (mistakes in original).  The plaintiff does not include supporting

documentation for these objections, but instead requests the court to allow him to amend his

complaint and begin discovery.  He cites without explanation *Ellis v. Butler*, 890 F.2d 1001 (8th Cir.

1989), to support his position that a "swollen painful knee must be considered serious on [a] motion

to dismiss."  Pl.'s Obj. to R & R at 8.

III.

        The Supreme Court has held that the Eighth Amendment imposes upon prison officials the

duty to "provide humane conditions of confinement," and among the obligations attendant to the

discharge of that duty is to "ensure that inmates receive adequate food, clothing, shelter, and medical

care."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  This obligation, however, is not unqualified.

To the contrary, it is tightly circumscribed by rules requiring certain levels of proof when a prisoner

argues that his conditions of confinement have crossed the boundary established by "contemporary

standards of decency" incorporated into Eighth Amendment jurisprudence.  *See Rhodes v. Chapman*,

452 U.S. 337, 346 (1981) (observing that "the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion))).  Thus, although under the Eighth Amendment prisoners have a limited constitutional right to proper medical care, *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), that right is violated only when corrections officials are deliberately indifferent to the prisoner's serious medical needs.  *Id.* at 104.

A claim that the Eighth Amendment has been violated by a prison official's deliberate indifference to a prisoner's adequate medical care requires proof of both a subjective and an objective component.  *Farmer*, 511 U.S. at 834.  To satisfy the subjective component, the plaintiff must show that "the prison official possessed 'a sufficiently culpable state of mind in denying medical care.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).  To satisfy the objective component, the plaintiff must allege that the medical need asserted is "sufficiently serious." *Farmer*, 511 U.S. at 834.

The magistrate judge found that the plaintiff failed in his proof on the objective component of his claim and therefore did not discuss the subjective component.  Also, the record establishes without dispute that Hood was given medical treatment at a hospital following his third request for it.  He says that during the evening hours of April 19, he had a very sharp pain in his leg and knee and requested care.  Although a nurse responded to the request, the plaintiff claims that she had a bad attitude and did not provide service.  A nurse responded to the plaintiff's second request for health care the following morning, but did not perform a physical examination; she spoke to the plaintiff and stated that she would request that he be sent to health care but failed to do so, according to him.  The plaintiff made his third request for health care to defendant Krajnik at noon on April

20, 2004, but Krajnik told the plaintiff to "go to chow or lock up." Comp. ¶ 5. When the plaintiff

continued to request health care, he was taken to segregation for his insubordination. But after the

plaintiff "went down," Comp. ¶ 6, while John Does 1 and 2 were escorting him to segregation at

approximately 12:05 p.m. on April 20, 2004, he was examined by a physician's assistant at 12:30

p.m. regarding his knee and leg complaint. The plaintiff was then transferred to a hospital for

further review where the doctor concluded that the plaintiff suffered from a strained knee or pulled

muscle.

The Court finds that the magistrate judge's analysis of this case as one for delayed – not

denied – medical treatment is appropriate. The Court also agrees that the plaintiff has not shown

that his knee injury was sufficiently serious to satisfy the objective component of the test. The Sixth

Circuit considered the objective component, a serious need for medical care, in *Blackmore v.*

*Kalamazoo County*, 390 F.3d 890 (6th Cir. 2005), when it reaffirmed the distinction in delay in

medical care cases depending on whether the plaintiff "had a serious need for medical care that was

'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'"

*Id.* at 899-900 (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990). In

*Blackmore*, a detainee in a county jail brought suit against the county for violating his Eighth

Amendment rights when it delayed his medical care. The plaintiff in *Blackmore* was denied care

after complaining of "sharp" and "severe" abdominal pain for an extended period of time and was

eventually sent to the hospital for an appendectomy. *Id.* at 899.

The *Blackmore* court held that the district court incorrectly applied the ruling in *Napier v.*

*Madison County,* 238 F.3d 739 (6th Cir. 2001), when it granted summary judgment for the

defendants. The court in *Napier* held that "'an inmate who complains that delay in medical

treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Napier*, 238 F.3d at 742 (quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994). However, in *Blackmore*, the Sixth Circuit confirmed that "*Napier* applies where the plaintiff's 'deliberate indifference' claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious.  In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury." *Blackmore*, 390 F.3d at 898 (quoting *Napier*, 238 F.3d at 742).  Where the injury is obvious enough for a layperson to easily recognize, the plaintiff need only show that "the [medical] need was not addressed within a reasonable time frame." *Id.* at 899-900.

The Sixth Circuit distinguished *Blackmore* from *Napier* by noting that the plaintiff in *Blackmore* "did not suffer from a long-term and well monitored illness, but rather exhibited obvious manifestations of pain and injury." *Id.* at 899.  Therefore, the plaintiff need only show that his medical need was serious and that the "delay . . . in providing medical care create[d] a substantial risk of serious harm." *Ibid.*

In this case, the plaintiff complained of a sore knee.  The plaintiff also claims the injuries he suffered to his right knee met the objective component since the injury was sufficiently serious and required immediate medical attention.  For support of this proposition the plaintiff cites *Ellis v. Butler*, 890 F.2d 1001 (8th Cir. 1989), to demonstrate that his "swollen painful knee must be considered serious on [a] motion to dismiss." Pl.'s Obj. to R & R at 8.  However, *Ellis* does not stand for the proposition that a knee injury *must* be considered serious.  In *Ellis*, the plaintiff was first denied medical care for two days for a swollen knee; second he was denied pain pills; and lastly

-6-

he was denied medical treatment for two weeks for back, knee, and sinus problems because the issues were not emergencies. *Ellis*, 890 F.2d at 1002-03. The *Ellis* court noted that "it is difficult to assess the seriousness of the alleged conditions, or the need for treatment on the basis of the pleadings." *Id.* at 1003. But unlike the plaintiff in *Ellis*, the plaintiff in this case was given medical treatment for his non-emergency condition, and the only delay that he experienced lasted for thirty minutes. Of course *Ellis* is not binding authority in this Circuit, but the differences in the positioning and treatment of the plaintiffs in these cases warrant a different outcome.

Applying the "obviousness" standard articulated in *Blackmore*, the plaintiff's injury in this case does not qualify as a medical need that obviously necessitated a doctor's attention. *Blackmore*, 390 F.3d at 898. Although the plaintiff complained of severe pain, his knee injury was a long-term and well monitored illness. As noted by the magistrate judge, there is undisputed evidence to prove that the plaintiff's knee injury was a chronic condition that had been monitored since 1996 and not a serious injury requiring immediate treatment. Furthermore, even if the plaintiff's knee injury were perceived as obviously necessitating medical treatment, the delay of thirty minutes from the time the plaintiff complained to Krajnik was not unreasonable. That leaves the plaintiff with the burden to furnish medical evidence to prove that the delay in medical treatment had a detrimental effect. *Blackmore*, 390 F.3d at 894, *Napier*, 238 F.3d at 739. Here, there is no evidence to demonstrate that the plaintiff suffered negative effects from the thirty minute delay in treatment. These facts do not present a genuine issue of material fact that requires submission to a jury.

The plaintiff also failed in his proof on the subjective component of his Eighth Amendment claim. In *Miller v. Calhoun County*, the Sixth Circuit stated that the subjective component requires a showing of "[d]eliberate indifference requir[ing] a degree of culpability greater than mere

negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" 408 F.3d at 813 (quoting *Farmer*, 511 U.S. at 835). In *Miller*, a detainee located in a correctional facility died from a brain tumor. The claim was based on alleged deliberate indifference to the detainee's medical condition in violation of the Eighth Amendment.

The *Miller* court held that there was insufficient evidence to demonstrate that the correction officers acted with a culpable state of mind. The plaintiff argued that defendant officer Lindsay failed to take action based on the detainee's deteriorating condition. "As the Supreme Court has instructed, however, [the officer] would have had to draw the inference that a substantial risk of serious harm existed before a jury could be permitted to consider whether her failure to act amounted to deliberate indifference." *Id.* at 821 (referring to *Farmer v. Brennan*, 511 U.S. 825 (1994)). The *Miller* court concluded that the plaintiff failed to provide evidence to show that the officer drew that inference. *Ibid.*

Like the plaintiff in *Miller*, Hood has failed to demonstrate that Resident Unit Manager Krajnik acted with a culpable state of mind and made the inference that there was a substantial risk of serious harm. To the contrary, the evidence shows that the plaintiff's knee problems had been present for a number of years and did not present a substantial risk of serious harm. The plaintiff himself attached to his objection to the R&R a letter from the Duane L. Waters Hospital in Jackson, Michigan dated March 20, 1996 stating that the plaintiff injured his knee in 1979 or 1980 and has a torn cruciate ligament that causes severe pain when he plays sports. This letter was dated eight years prior to the incident with Krajnik. Based on the chronic nature of the plaintiff's knee injury, a delay of thirty minutes would not permit a jury to conclude that Krajnik acted with a culpable mind.

-8-

The magistrate judge also correctly concluded that the plaintiff failed to provide sufficient evidence to demonstrate that the Doe officers caused physical or emotional harm.  The plaintiff did not even mention the harm to his wrists on the day he was taken to the hospital, which was the same day as the alleged malicious conduct by defendant Does.  The plaintiff claims in his objection that he was afraid of the officers in the segregation unit after having been abused by them, and he did not report the injury because he did not want to be injured further.  However, if the injuries were as severe as the plaintiff claims now, the hospital staff no doubt would have made a notation of the damage.  The plaintiff states in his objection to the R&R that:

> the plaintiff wrists bones are severely torn and dislocated out of normal place and he believes that they are broken, both his ring finger knuckles are severely torn out of place from his middle finger knuckles and he [is] now totally unable to abduct them apart now.  All his nerves, ligaments, tendons, veins and the other tissues are severely torn and damaged in both his wrists, hands, fingers, arms, elbow and now his shoulders as well[;] and as a result, he has permanent severe chronic pain and numbness.

Pl.'s Obj. to R&R at 4 (mistakes in original).  The first record of wrist, arm, finger, elbow, or shoulder damage in the plaintiff's record is from a health care report on April 26, 2004, six days after the alleged incident.  The plaintiff has not even attempted to dispel the very real possibility that these injuries occurred after his encounter with the corrections officers.

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts.  *Mt. Lebanon Personal Care Home, Inc. v. Hoover Univ., Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).  The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion.  *Street v. J.C.*

-9-

*Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  A party opposing a motion for summary

judgment must designate specific facts in affidavits, depositions, or other factual material showing

"evidence on which the jury could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 252 (1986).  If the non-moving party, after sufficient opportunity for discovery,

is unable to meet his or her burden of proof, summary judgment plainly is proper.  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322-23 (1986).

The plaintiff has failed to meet his burden with admissible evidence.  Summary judgment

in favor of the defendants, as recommended by the magistrate judge, is appropriate.

<div align="center">III.</div>

The Court agrees with the findings and conclusions of the magistrate judge.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [dkt

# 37] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt # 38] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt # 34] is

**GRANTED**.

It is further **ORDERED** that the plaintiff's motions for summary judgment [dkt #s 29 and

35] are **DENIED**.

It is further **ORDERED** that the plaintiff's motions to amend the complaint [dkt # 39] and

for discovery [dkt #40] are **DENIED** as moot.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

<div style="margin-left:40%">
s/David M. Lawson
DAVID M. LAWSON
United States District Judge
</div>

Dated:  March 30, 2007

<div align="center">-10-</div>

-11-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2007.

s/Felicia M. Moses
FELICIA M. MOSES